STATE OF NEW JERSEY BY THE STATE HIGHWAY COM-
MISSIONER, PLAINTIFF-APPELLANT, v. ROSA INDUS-
TRIES, INC., A CORPORATION OF NEW JERSEY, *ET AL.*,
DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued December 21, 1959—Decided February 1, 1960.

Before Judges GOLDMANN, CONFORD and FREUND.

*Mr. William L. Boyan,* Deputy Attorney General, argued the cause for plaintiff-appellant (*Mr. David D. Furman,* Attorney General, attorney).

*Mr. Joseph T. Grause* argued the cause for defendants-respondents (*Messrs. Parsons, Labrecque, Canzona and Blair,* attorneys).

The opinion of the court was delivered by

CONFORD, J. A. D.   This is an appeal from an order of the Superior Court, Law Division, dismissing as untimely within the requirements of *R. R.* 4:92–6(a), a notice of appeal filed by the State of New Jersey from an award by commissioners in condemnation proceedings.

Upon the completion of the testimony and evidence before the commissioners, on November 19, 1958, Deputy Attorney General William J. McCormack, representing the State Highway Commissioner, presented to the president of the commissioners, Edward W. Haines, a prepared form of Report of Commissioners to be completed by them in accordance with their findings.   This was done by Mr. McCormack for no apparent purpose other than to serve the convenience of the commissioners in making their report.   Mr. Haines also deposed that Mr. McCormack requested that he, Haines, "upon completion thereof   *   *   *   mail a copy" of the report to the attorneys for the landowners and "mail the original and balance of copies" to a designated Deputy Attorney General.   Mr. Haines complied with this request on November 20, 1958, sending such report and copies thereof to the respective parties apparently in the regular course of mail, accompanied by letters of transmittal, reading simply:

"I enclose herewith copy of Commissioners' Report in the above matter."

The State's notice of appeal was filed on December 16, 1958. Before the appeal came on for trial, the landowner moved

to dismiss the appeal as untimely. The trial judge dismissed, and the State appeals.

The pertinent rule, *R. R.* 4:92–6(*a*), provides as follows:

"An appeal from the report of the commissioners shall be taken by filing a notice of appeal not later than 10 days after the date fixed for the filing of their report or after the service of a copy of such report by any party upon parties or persons in possession and parties who have an interest in each tract or parcel involved in the appeal and who shall have appeared personally or by attorney before the commissioners, whichever time is the earlier, but on application of any party the court may, for good cause shown, extend the time for not more than 30 days. ＊ ＊ ＊"

The rule thus provides for the filing of the notice of appeal not later than ten days after the earlier of two alternative dates. The parties here agree that the State filed the notice of appeal prior to the date fixed for the filing of the commissioners' report, which was February 27, 1959. Thus a dismissal cannot be sustained for this reason. But defendants successfully urged in the Law Division that the appeal is barred by reason of the fact that the notice of appeal was filed more than ten days after November 20, 1958—the date when Mr. Haines mailed to defendants' attorneys a copy of the commissioners' report. Defendants contend that the serving of a copy of the report upon the adverse party is a ministerial function which the appealing party, or any party, can delegate to an agent; and that when Mr. Mc-Cormack told Mr. Haines to mail copies of the report, Haines, by virtue thereof, was designated as the agent of the State for purposes of serving the report.

██ We are not in agreement with the analysis presented by the defendants and acceded to by the trial judge. Mr. Haines was not the agent of the State for any purpose, either expressly or by any justifiable implication. The mere fact that Mr. McCormack advised Haines to notify the parties of the commissioners' findings did not create any such agency. Mr. Haines' consequent mailing of the report cannot be construed as "service of a copy of such report by any party

upon [adversary] parties" within the fair meaning of the pertinent rule, effective to toll the State's time for appeal. The rule provides that it is the party's service which incepts the running of the time for appeal, not the commissioners'. We are satisfied from the proofs that Mr. McCormack was undertaking to do no more than to make certain that each of the parties received a copy of the report expeditiously by facilitating the task of the commissioners in preparing and sending it out. Certainly the State should not be penalized because of its having taken steps to ensure, for the benefit of all parties, a prompt disclosure of the findings of the commissioners. A rule fixing the time for appeal should not be harshly construed to bar the remedy; certainly not as against the State.

The other points made by the State require no discussion. Reversed.